CHARLES O. THOMPSON, SB# 139841
  E-Mail: thompsonc@lbbslaw.com
JEMMA A. PARKER, SB#227962
  E-Mail: parkerj@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street
Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendants Sainte Claire Hotel, LLC and
Larkspur Hotels, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JEAN RIKER,<br><br>    Plaintiff,<br><br>    v.<br><br>SAINTE CLAIRE HOTEL, LLC; LARKSPUR HOTELS, LLC; IL FORNAIO (AMERICA) CORPORATION; and DOES 1-25, Inclusive,<br><br>    Defendants. | CASE NO. C08-01547 RMW<br><br>**DEFENDANTS SAINTE CLAIRE HOTEL, LLC AND LARKSPUR HOTELS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COME NOW Defendants SAINTE CLAIRE HOTEL, LLC and LARKSPUR HOTELS, LLC (collectively "Defendants"), and hereby answer Plaintiff JEAN RIKER's Complaint ("Complaint") by admitting, denying and alleging as follows:

**ANSWER TO FIRST CAUSE OF ACTION**
**(Denial of Full and Equal Access to a Public Accommodation)**

1. In answer to paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein.

2. In answer to paragraph 2 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein. Defendants need not address the plaintiff's characterization of

the legal nature of this action. To the extent that any averment in paragraph 2 is deemed to require an answer, Defendants deny each and every allegation contained therein.

3. In answer to paragraph 3 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein

4. In answer to paragraph 4 of the Complaint, Defendants admit the allegations contained therein.

5. In answer to paragraph 5 of the Complaint, Defendants admit the allegations contained therein.

6. In answer to paragraph 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein.

7. In answer to paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein.

8. In answer to paragraph 8 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein

9. In answer to paragraph 9 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein.

10. In answer to paragraph 10 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein. Defendants need not address the plaintiff's characterization of the legal nature of this action. To the extent that any averment in paragraph 10 is deemed to require an answer, Defendants deny each and every allegation contained therein.

11. In answer to paragraph 11 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein.

12. In answer to paragraph 12 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein.

13. In answer to paragraph 13 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein.

14. In answer to paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein. Defendants need not address the plaintiff's characterization of the legal nature of this action or Defendants' legal duties. To the extent that any averment in paragraph 14 is deemed to require an answer, Defendants deny each and every allegation contained therein.

15. In answer to paragraph 15 of the Complaint, Defendants need not address the plaintiff's characterization of the legal nature of this action. To the extent any averment in paragraph 15 is deemed to require an answer, Defendants deny each and every allegation contained therein.

16. In answer to paragraph 16 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein. Defendants need not address the plaintiff's characterization of the legal nature of this action or Defendants' legal duties. To the extent that any averment in paragraph 16 is deemed to require an answer, Defendants deny each and every allegation contained therein. By way of further answer, Defendants need not address plaintiff's prayer for relief.

17. In answer to paragraph 17 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein. Defendants need not address the plaintiff's characterization of

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

the legal nature of this action or Defendants' legal duties. To the extent that any averment in paragraph 17 is deemed to require an answer, Defendants deny each and every allegation contained therein. By way of further answer, Defendants need not address plaintiff's prayer for relief.

18. In answer to paragraph 18 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein. Defendants need not address the plaintiff's characterization of the legal nature of this action or Defendants' legal duties. To the extent that any averment in paragraph 18 is deemed to require an answer, Defendants deny each and every allegation contained therein. By way of further answer, Defendants need not address plaintiff's prayer for relief.

19. In answer to paragraph 19 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein. Defendants need not address the plaintiff's characterization of the legal nature of this action or Defendants' legal duties. To the extent that any averment in paragraph 19 is deemed to require an answer, Defendants deny each and every allegation contained therein. By way of further answer, Defendants need not address plaintiff's prayer for relief.

### ANSWER TO SECOND CAUSE OF ACTION
**(Violation of the Americans with Disabilities Act of 1990)**

20. In answer to paragraph 20 of the Complaint, Defendants incorporate and re-plead their answer to paragraphs 1 through 19 as stated above.

21. In answer to paragraph 21 of the Complaint, Defendants need not address these allegations because they are statements of law which requires no response. Defendants need not address the plaintiff's characterization of the legal nature of this action or Defendants' legal duties. To the extent that any averment in paragraph 21 is deemed to require an answer, Defendants deny each and every allegation contained therein.

22. In answer to paragraph 22 of the Complaint, Defendants need not address these allegations because they are statements of law which requires no response. Defendants need not address the plaintiff's characterization of the legal nature of this action or Defendants' legal duties.

1  To the extent that any averment in paragraph 22 is deemed to require an answer, Defendants deny
2  each and every allegation contained therein.

3     23. In answer to paragraph 23 of the Complaint, Defendants need not address these
4  allegations because they are statements of law which requires no response. Defendants need not
5  address the plaintiff's characterization of the legal nature of this action or Defendants' legal duties.
6  To the extent that any averment in paragraph 23 is deemed to require an answer, Defendants deny
7  each and every allegation contained therein.

8     24. In answer to paragraph 24 of the Complaint, Defendants need not address these
9  allegations because they are statements of law which requires no response. Defendants need not
10 address the plaintiff's characterization of the legal nature of this action or Defendants' legal duties.
11 To the extent that any averment in paragraph 24 is deemed to require an answer, Defendants deny
12 each and every allegation contained therein.

13     25. In answer to paragraph 25 of the Complaint, Defendants need not address these
14 allegations because they are statements of law which requires no response. Defendants need not
15 address the plaintiff's characterization of the legal nature of this action or Defendants' legal duties.
16 To the extent that any averment in paragraph 25 is deemed to require an answer, Defendants deny
17 each and every allegation contained therein.

18     26. In answer to paragraph 26 of the Complaint, Defendants are without sufficient
19 knowledge or information to form a belief as to these allegations an on that basis deny each and
20 every allegation contained therein. Defendants need not address the plaintiff's characterization of
21 the legal nature of this action or Defendants' legal duties. To the extent that any averment in
22 paragraph 26 is deemed to require an answer, Defendants deny each and every allegation contained
23 therein.

24     27. In answer to paragraph 27 of the Complaint, Defendants are without sufficient
25 knowledge or information to form a belief as to these allegations an on that basis deny each and
26 every allegation contained therein. Defendants need not address the plaintiff's characterization of
27 the legal nature of this action or Defendants' legal duties. To the extent that any averment in
28

paragraph 27 is deemed to require an answer, Defendants deny each and every allegation contained therein.

28. In answer to paragraph 28 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein. Defendants need not address the plaintiff's characterization of the legal nature of this action or Defendants' legal duties. To the extent that any averment in paragraph 28 is deemed to require an answer, Defendants deny each and every allegation contained therein.

29. In answer to paragraph 29 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to these allegations an on that basis deny each and every allegation contained therein. Defendants need not address the plaintiff's characterization of the legal nature of this action or Defendants' legal duties. To the extent that any averment in paragraph 29 is deemed to require an answer, Defendants deny each and every allegation contained therein. By way of further answer, Defendants need not address plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE
(Failure to Comply with *Civil Code* §51)

30. Plaintiff has failed to state a cause of action for violation of the Unruh Civil Rights Act because Plaintiff has failed to comply with *Civil Code* § 51.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

31. Plaintiff's Complaint and each and every claim contained therein fails to state facts sufficient to state a claim upon which relief may be granted.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE
(Failure to State a Claim for Statutory Damages)

32. Plaintiff's claims for statutory damages, including treble damages fail to state facts sufficient to state a claim upon which punitive damages can be awarded.

///

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
(Breach of Agreement, Covenant or Duty)

33. Plaintiff's complaint is barred in its entirety by the fact that Plaintiff breached any agreement, contract, covenant or duty which might be found to exist.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE
(Not Subject to *Civil Code* §51)

34. Defendants are not subject to the provisions of the Unruh Civil Rights Act, *Civil Code* §§ 51 et seq., for the conduct alleged in Plaintiff's complaint.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
( Proximate Cause)

35. In the event that Defendants are in some manner found legally responsible for damages allegedly sustained by Plaintiff, and such damages were proximately caused or contributed to by Plaintiff and/or third parties, Defendants should be indemnified by Plaintiff and/or such third parties. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Conduct was Privileged)

36. Defendants' conduct with regard to the Plaintiff was privileged, justified and in good faith.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE
(Intentional and/or Negligent Conduct)

37. Defendants allege that Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

38. Defendants allege upon information and belief that Plaintiff has failed to act reasonably to mitigate any damages that she has alleged in this action.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Statute of Limitations)

39. Defendants are informed and believe and thereon allege that Plaintiff's claims as contained in the Complaint are barred by the applicable statutes of limitations.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Waiver)

40. Defendants are informed and believe and thereon allege that Plaintiff has waived any and all claims that she may have had or have against Defendants arising from the transactions and occurrences contained in the Complaint.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE
(Estoppel)

41. Defendants are informed and believe and thereon allege that Plaintiff is estopped by his own conduct from asserting any and all claims he may have or had against Defendants arising from the transactions and occurrences contained in the Complaint.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Doctrine of Laches)

42. Defendants are informed and believe and thereon allege that Plaintiff's Complaint is barred, in its entirety, by the Doctrine of Laches.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Unclean Hands)

43. Defendants are informed and believe and thereon allege that Plaintiff's Complaint is barred, in its entirety, by the Doctrine of Unclean Hands.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Contributory Negligence)

44. Defendants allege based upon information and belief that any and all events and happenings, injuries and damages, if any, referred to in said complaint, were proximately caused and contributed to by the negligence and fault of Plaintiff, in that Plaintiff did not exercise ordinary care in his own behalf at the times and places referred to, and therefore, Plaintiff is completely barred from recovery herein, or in the alternative, under the doctrine of pure comparative negligence and fault, said acts of Plaintiff reduces Plaintiff's right to recovery herein by the amount which such acts contributed to said incidents.

///

///

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Assumption of Risk)

45. Defendant alleges based upon information and belief that Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Compliance with the ADA)

46. Defendants have had in place at all times a plan for compliance with the Americans With Disabilities Act of 1990 ("ADA"); that its plan is being continuously implemented; that continual progress towards full compliance with the ADA is being made under the Defendants' plan; and that the Defendants are in substantial compliance with the ADA.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (No Reasonable Modifications)

47. Defendants allege based upon information and belief that the modifications set forth in Plaintiff's Complaint are not "reasonable modifications" in the policies, practices, or procedures to the extent necessary to afford foods, services, facilities, privileges, advantages, or accommodations to Plaintiff because such modifications would injure the financial operations and/or effectiveness of Defendants' services and facility. *See* 42 U.S.C. §12.182(b)(2)(A)(ii)(1994).

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (No Discriminatory Conduct)

48. Defendants have not engaged in a pattern of discriminatory conduct that violates the United States or California Constitutions.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE
### (Lack of Standing)

49. Defendants allege based upon information and belief that Plaintiff lacks standing to assert a claim under the ADA because Plaintiff has not suffered a threatened or actual distinct and palpable injury, there is no causal connection between the injury and Defendants' challenged conduct, and/or there is no substantial likelihood that the relief sought by Plaintiff will prevent or redress the injury.

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE
(Alternative Methods)

50. Defendants allege based upon information and belief that it and other third parties (i.e., tenant, landlord, etc.) provide persons with disabilities alternatives to barrier removal by providing access to merchandise by alternative methods such as customer services and sales assistance.

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE
(Isolated and/or Temporary Interruptions)

51. Defendants allege based upon information and belief that Defendants were privileged and or justified for the alleged conduct, if any, because the alleged barriers were isolated and/or temporary interruptions in service or access due to maintenance and/or repairs.

### TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
(Consent)

52. Plaintiff, at all relevant times, gave her consent, express or implied, to the alleged acts, omissions, and/or conduct of Defendants.

### TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE
(Direct Threat to Health and Safety)

53. Defendants allege that, to the extent they engaged in any of the conduct alleged in the Complaint, they did so because the Plaintiff poses a direct threat to his health or safety or the health or safety of other individuals at the facility.

### TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
(Good Faith Belief)

54. The Complaint is barred, in whole or in part, because any actions taken with respect to Plaintiff were based on honest, reasonable, and good faith beliefs in the facts as known and understood at the time.

### TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Good Cause)

55. Plaintiff's Complaint, and each and every claim contained therein, is barred, in whole or in part, because Defendants' activities undertaken with respect to Plaintiff, if any, were based upon good cause.

Lewis Brisbois Bisgaard & Smith LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

### TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE
(Lack of Basis for Attorneys' Fees/Costs)

56. Plaintiff's Complaint, and each and every claim set forth therein, fails to set forth facts to constitute a basis for recovery of attorneys' fees and costs. As to each cause of action alleged in Plaintiff's Complaint, Defendants allege that Plaintiff is not entitled to recover attorneys' fees pursuant to the California Unfair Business Practices Act, California Business & Professions Code §§17200 *et seq.*

### TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE
(After-Acquired Evidence)

57. Defendants are informed and believe and thereon allege that the Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence the Defendants have presently and/or may acquire during the course of this litigation.

### THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE
(No Private Right of Action)

58. Plaintiff lacks standing to assert a claim for denial of accessible sanitary facilities, if any, in violation of *California Health & Safety Code* §§ 19955 et seq., because there is no private right of action thereunder. *California Health & Safety Code* §19958.5.

### THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE
(Premises Constructed Prior to Effective Date of Title III of ADA)

59. On information and belief, the premises owned and/or leased by Defendants was designed and constructed for first occupancy prior to January 26, 1992. 34 Code Fed. Regs. §§ 36.401(a)(2) and 36.152.

### THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE
(Premises Were Not Altered or Modified After the Effective Date of Title III of ADA)

60. On information and belief, the premises owned and/or leased by Defendants was not altered or modified after January 26, 1992. 14 U.S.C. § 12183(a); 34 Code Fed. Regs. § 36.402.

### THIRTY- THIRD SEPARATE AND AFFIRMATIVE DEFENSE
(Premises Were Not Altered or Modified After the Effective Date of California Health & Safety Code §§ 19955 et seq.)

61. On information and belief, the premises owned and/or leased by Defendants was not altered or modified after July 1, 1970. *California Health & Safety Code* § 19959.

### THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
(Other's Responsibility)

62. As to each cause of action alleged in Plaintiff's Complaint, Defendants allege that under the terms of its contractual agreements, responsibility for compliance with all federal, state, and local laws regarding access and use of the premises by persons with disabilities has been allocated to third person(s) (*i.e.*, tenant, franchisee, etc.) who are solely responsible for any affirmative obligations to make the premises accessible to persons with disabilities.

### THIRTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE
(Conduct Was Not Arbitrary)

63. As to each cause of action alleged in Plaintiff's Complaint, Defendants allege that Defendants' activities with respect to Plaintiff, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities and/or business related reasons and were neither arbitrary, capricious, nor unlawful, but were undertaken to protect plaintiff's economic interest and/or relations.

### THIRTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
(No Modification Required)

64. As to each cause of action alleged in Plaintiff's Complaint, Defendants allege that there has been no violation of the Unruh Civil Rights Act because there is no law requiring construction, alternation, repair, or modification by another provision of law. *California Civ. Code* §51(d).

### THIRTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Direct Threat to Health and Safety)

65. As to each cause of action alleged in Plaintiffs' Complaint, LORENZ alleges that, to the extent it engaged in any of the conduct alleged in the Complaint, which is denied, it did so because Plaintiff posed a direct threat to his own health or safety or the health or safety of other individuals at the facility.

### THIRTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE
(Not Readily Achievable or Technically Feasible)

66. As to each cause of action alleged in Plaintiff's Complaint, Defendants allege that removal of any alleged structural barriers to access by persons with disabilities is not readily achievable or technically feasible.

### THIRTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE
(Carelessness)

67. As to each cause of action alleged in Plaintiff's Complaint, Defendants allege that Plaintiff was careless and negligent in the matters alleged in the Complaint and each alleged cause of action thereof and that said carelessness and negligence on Plaintiff's own part proximately contributed to the happening of the loss and damages complained of, if any. Under the doctrine of comparative negligence, Plaintiff's own comparative negligence shall reduce any and all damages sustained by Plaintiff.

### FORTIETH SEPARATE AND AFFIRMATIVE DEFENSE
(Fault of Others)

68. As to each cause of action alleged in Plaintiff's Complaint, Defendants allege that any damages sustained by Plaintiff, if any, were either fully or in part the fault of others, whether that fault be proximate, a result of negligence, strict liability, breach of warranty, breach of contract or any other type of fault caused by persons, firms, corporations, or entities other than Defendants and that said negligence or fault comparatively reduces the percentage of fault or negligence, if any, by Defendants.

### FORTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE
(Proposition 51)

69. As to each cause of action alleged in Plaintiff's Complaint, Defendants allege that the provisions of the "Fair Responsibility Act of 1986" (commonly knows as proposition 51, *Civil Code* §§1430 through 1432) are applicable to this action to the extent that Plaintiff's injuries and damages, if any, were proximately caused, and were contributed to by the carelessness, negligence or fault of persons or entities other than this answering defendant.

### FORTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE
(California Civil Code Section 1473)

70. As to each cause of action alleged in Plaintiff's Complaint, Defendants allege that prior to the commencement of this action, Defendants duly performed, satisfied and discharged all duties and obligations that may have owed to the Plaintiff arising out of any and all agreement,

representations or contracts made by them or on behalf of Defendants and this action is therefore barred by the provisions of *California Civil Code* §1473.

### FORTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE
(No Control Over Subject Property)

71. As to each cause of action alleged in Plaintiff's Complaint, Defendants alleges that they have no ownership interest in or control of the subject property.

### FORTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
(Property Exempted)

72. As to each cause of action in Plaintiff's Complaint, Defendants allege the subject property is exempted from any and all requirements, guidelines, rules, and regulations as alleged in Plaintiff's Complaint.

### FORTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE
(Attorney's Fees)

73. If Defendants are determined to be the prevailing party in this action, Defendants should be awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12205, California Code of Civil Procedure § 55, and/or California Health and Safety Code § 19953.

### FORTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
(Unknown Defenses)

74. Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional as yet unstated defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### PRAYER

WHEREFORE, Defendants pray as follows:

1. Plaintiff take nothing by the Complaint;
2. Judgment be rendered in favor of Defendants;
3. Defendants be awarded costs of suit; and
4. Defendants be awarded whatever further relief the Court deems just and proper.

Defendants demand trial by jury as to each and every cause of action alleged in plaintiff's Complaint.

| | |
|---|---|
| 1  DATED: April 21, 2008 | LEWIS BRISBOIS BISGAARD & SMITH **LLP** |

By _____
Charles O. Thompson
Jemma A. Parker
Attorneys for Defendants Sainte Claire Hotel, LLC, and
Larkspur Hotels, LLC

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

DEFENDANTS SAINTE CLAIRE HOTEL, LLC AND LARKSPUR HOTELS, LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT

**FEDERAL COURT PROOF OF SERVICE**
Jean Riker v. Sainte Claire Hotel, LLC - File No. C08-01547 RMW

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 21, 2008, I served the following document(s): **ANSWER TO COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Sidney J. Cohen, Esq.
Sidney J. Cohen Professional Corporation
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682
Facsimile: (510) 893-9450

The documents were served by the following means:

[ ] (BY FAX TRANSMISSION) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission containing the time, date, and sending fax machine telephone number, which I printed out, is attached.

[ ] (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[ ] (BY OVERNIGHT DELIVERY) Based on an agreement of the parties to accept service by overnight delivery, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ] (BY PERSONAL SERVICE) I personally delivered the documents to the persons at the addresses listed above. Delivery was made [X] to the party or attorney listed above, or [ ] at the party or attorney's office by leaving the documents in an envelope or package clearly labeled to identify the party or attorney being served with a receptionist or individual apparently in charge of the office, or [ ] at the time of delivery, there appeared to be no one in charge, and the envelope of package clearly labeled to identify the party or attorney being served was left in a conspicuous place.

[X] (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

4832-4991-3090.1

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 21, 2008, at San Francisco, California.

_Nicole S. Block_
Nicole S. Block

4832-4991-3090.1